IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANNY L. TOMAC,
    Plaintiff,

vs.                                         Case No. 3:09cv200/EMT

INTERNATIONAL PAPER COMPANY,
    Defendant.
_____/

**O R D E R**

By order dated March 9, 2010, upon notice by the parties that they had settled Plaintiff's claims, the court previously dismissed this case from its active docket (Doc. 36).[1] The court reserved the power to amend its order of dismissal, however, upon a party's motion filed within sixty (60) days of the court's order. Less than four weeks later, on April 2, 2010, Plaintiff timely filed his "Petition to Determine the Worker's Compensation Carrier's Net Recoverable Lien" (Doc. 37), to which the Worker's Compensation Carrier, American Home Assurance Company, responded (Doc. 42). Now before the court is Plaintiff's notice that the parties have resolved the issues raised in the pending petition (Doc. 47).

First, in light of the foregoing, and as agreed by the parties, the court amends its March 9, 2010, order (Doc. 36) to include the following: Plaintiff's Worker's Compensation claim and the Worker's Compensation Carrier's Lien Rights shall be governed by § 440.01 *et seq.*, Fla. Stat. (2006), commonly referred to as Florida's Worker's Compensation Statute. Based on the application of Florida law, the parties have agreed, in a separate settlement agreement, to the amount to be repaid to American Home Assurance Company respecting its lien.

Next, the pending "Petition to Determine the Worker's Compensation Carrier's Net Recoverable Lien" (Doc. 37) shall be denied as moot.

Finally, in the event that full settlement of this matter is not consummated, the court will continue to reserve the power, upon motion filed by any party within sixty (60) days of the date of

---

[1] The parties have consented to magistrate judge jurisdiction in this case.

this order, to amend or vacate and set aside this order of dismissal and reinstate this case. The file shall remain closed for administrative purposes. Upon the expiration of sixty (60) days without activity, the clerk shall close the case in its entirety for all purposes.

Accordingly, it is **ORDERED**:

1. The court's order of dismissal dated March 9, 2010 (Doc. 36), is amended to include the following: Plaintiff's Worker's Compensation claim and the Worker's Compensation Carrier's Lien Rights shall be governed by § 440.01 *et seq.*, Fla. Stat. (2006), commonly referred to as Florida's Worker's Compensation Statute. Based on the application of Florida law, the parties have agreed, in a separate settlement agreement, to the amount to be repaid to American Home Assurance Company respecting its lien.

2. Plaintiff's "Petition to Determine the Worker's Compensation Carrier's Net Recoverable Lien" (Doc. 37) is **DENIED**, as moot.

3. The court continues to reserve the power, upon motion filed by any party within sixty (60) days of the date of this order, to amend or vacate and set aside this order of dismissal and reinstate this case. The file shall remain closed for administrative purposes. Upon the expiration of sixty (60) days without activity, the clerk shall close the case in its entirety for all purposes.

**DONE AND ORDERED** this 18th day of May 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**